Exhibit F

## PRIUM ORCHARD HILLS, L.L.C.

Guaranty of Obligations
of
Entity Managing Member

For valuable consideration, the sufficiency and receipt of which is hereby acknowledged, the undersigned, Prium Companies, L.L.C., a Washington limited liability company (the "Guarantor"), unconditionally guarantees due payment, performance and fulfillment to Prium Orchard Hills, L.L.C., a Washington limited liability company (the "Company"); Provident Tax Credit Fund IX, LLC, an Ohio limited liability company; and SCDC, LLC, an Ohio limited liability company; including any affiliates, participants, successors and/or assigns of such entities (collectively, the "Obligees"), of those obligations specifically defined below (the "Guaranteed Obligations") of P&U Capital Partners I, L.L.C., a Washington limited liability company (the "Obligor"), whether the Guaranteed Obligations are direct or indirect, absolute or contingent, due or to become due, now existing or hereafter arising or acquired. The "Guaranteed Obligations" shall be the payment and performance of each and every obligation of Obligor to each of the Obligees arising under the Amended and Restated Operating Agreement of the Company dated as of November 6, 2006 (the "Operating Agreement") and under the Managing Member Closing Certificate dated November 6, 2006. Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Operating Agreement.

This undertaking shall operate as an unconditional, continuing and absolute Guaranty and shall remain in full force and effect until all Guaranteed Obligations of the Obligor have expired or been fully performed. Notice of the acceptance of this Guaranty and notices of transactions entered into in reliance hereof are hereby waived. The Guarantor consents to any renewal, extension or postponement of the time of satisfaction of any of the Guaranteed Obligations or to any other forbearance or indulgence with respect thereto, whether or not notice thereof shall be given to the Guarantor, and the enforcement hereof shall not be affected by the neglect or failure of the Obligees to take any action with respect to any security, right, obligation, endorsement or guaranty which either of them may at any time hold, or by any change with respect to any Obligor in the form or manner of doing business, whether by incorporation, consolidation, merger, formation or change in membership, or otherwise. Upon any default by an Obligor, the liability of the Guarantor hereunder shall be effective immediately and the Guarantor waives all requirements of notice, demand, presentment or protest and any right which the Guarantor might otherwise have to require the Obligees first to proceed against the Obligor or against any other guarantor or any other person or first to realize on any security held by them before proceeding against the Guarantor for the enforcement of this Guaranty. The Guarantor shall not assert any right arising from payment or other performance hereunder by the Guarantor until the Guarantor's liability hereunder shall have been discharged in full and all of the Guaranteed Obligations existing at the time of such discharge shall have been fulfilled.

The Guarantor hereby waives (i) any defense arising by virtue of the lack of authority or the dissolution of the Managing Member or the Company; (ii) notice of the existence or incurring of any Guaranteed Obligation; (vi) any rights to set-offs, recoupments and counterclaims; (iii) any statute of limitations affecting the Guarantor's liability hereunder or the enforcement thereof; (iv)

any defense based upon an election of remedies by Obligees; (v) any and all suretyship defenses or defenses in the nature thereof without in any manner limiting any other provisions of this Agreement or the Operating Agreement; (vi) any defense based upon any requirement of law which provides that the obligation of a surety must be neither larger in amount nor in any other way more burdensome than that of the principal; (vi) any defense based on any absence of an attempt by or on behalf of Obligees to seek to enforce the Guaranteed Obligations or to protect, perfect or to seek recourse from, any other guarantor of, or any collateral security held at any time by Obligees for or with respect to, all or any of the Guaranteed Obligations; (vii) the discharge of all or any of the Guaranteed Obligations in any proceeding under any chapter of the United States Bankruptcy Code or any other federal or state insolvency or debtor relief laws; (viii) the disallowance under Section 502 of the Bankruptcy Code of any claim arising from the Guaranteed Obligations; (ix) any other circumstance which might otherwise constitute a defense available to, or a discharge of the Company, the Guarantor or any other guarantor or Person (other than the Managing Member) with respect to the Guaranteed Obligations.

The Guarantor recognizes that the Company Investor Member's business is to make investments in other partnerships, limited liability companies or other entities (collectively, "Project Partnerships") which develop and own rental residential projects and that from time to time there will be the need to modify, waive or enforce the agreements between the Company and a Project Partnership, the general partner, managing member or comparable controlling person of such Project Partnerships, and with other persons. The Guarantor acknowledges and agrees that such modifications, waivers or enforcement or other actions may affect the Guarantor's liability hereunder, and agrees that its liability to Obligees under this Agreement will not be waived, limited, or impaired thereby, and waives any surety or other defenses which the Guarantor might otherwise be entitled to assert on account thereof.

The Guarantor guarantees to the Obligees the payment of any and all expenses paid or incurred by the Obligees (including reasonable attorneys' fees) in connection with the enforcement of all Guaranteed Obligations guaranteed hereunder, whether such enforcement be from the Obligor or from the Guarantor. If for any reason an Obligor shall be under no legal obligation to discharge any of the Guaranteed Obligations for any reason, or if any amounts included in the Guaranteed Obligations shall become irrecoverable from an Obligor by operation of law or for any other reason, the Guarantor shall nonetheless be and remain bound upon this Guaranty.

The Guarantor covenants to maintain a minimum net worth of not less than five million dollars and a liquidity of not less than one million dollars, which net worth shall be evidenced by audited financial statements reasonably acceptable to the Special Investor Member.

In addition to all other rights of Obligees to payment or performance of the Guaranteed Obligations, if an event shall occur that (pursuant to the terms of the Operating Agreement or otherwise) would entitle Obligees to payment, distribution or performance of the Guaranteed Obligations, but there shall be filed with respect to the Managing Member or the Company a petition in bankruptcy or for similar relief under the Bankruptcy Code or any similar law, whether federal, state, local or otherwise, and by reason of such filing or as a result of any order of court, Obligees shall be prevented from receiving or accepting payment, distribution or performance of the Guaranteed Obligations, or shall be required to return or refund any or all of the benefits

relating or otherwise attributable to such payment, distribution or performance, then Obligees shall have the right to demand directly and unconditionally from the Guarantor payment or performance in full, and the Guarantor shall immediately pay or perform in full, all of the Guaranteed Obligations (including all costs, fees and charges).

This instrument, and all rights and remedies of the parties, shall be determined as to their validity, construction, effect and enforcement, and in all other respects of the same or different nature, by the laws of the State of Washington. Any legal action or proceeding with respect to this Guaranty shall be brought in the courts of the State of Washington or of the United States of America for the District of Washington, and by execution and delivery of this Guaranty, the Guarantor hereby accepts, generally and unconditionally, the jurisdiction of the aforesaid courts. The Guarantor irrevocably consents to the service of process of any of the aforementioned courts in any such action or proceeding by the mailing of copies thereof by certified mail, postage prepaid, to the Guarantor at his address set forth below his signature below, and service so made shall be deemed complete seven (7) days after the same shall have been so mailed.

This is a guaranty of payment and performance and not of collection.

This Guaranty is intended to take effect as a sealed instrument, shall inure to the benefit of the Obligees and their successors and assigns and shall be binding upon the Guarantor and each of his successors and assigns.

The invalidity or unenforceability of any provision of this Guaranty in a particular respect shall not affect the validity and enforceability of any other provisions of this Guaranty or of the same provision in any other respect.

[The remainder of this page is intentionally left blank]

This Guaranty is executed as of November 6, 2006.

PRIUM COMPANIES, L.L.C.,
a Washington limited liability company

By: _____
Hyun J. Um, Management Committee Member

By: _____
Thomas W. Price,
Management Committee Member

Address:

820 A. Street, Suite 300
Tacoma, Washington 98402

- 4 -